IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN F. WASHINGTON,
    Petitioner,

vs.                                      Case No. 5:07cv178/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon Petitioner's petition for writ of mandamus (Doc. 1). Petitioner also filed a "Notice to Invoke Discretionary Jurisdiction" (*see* Doc. 4 at 2–3). Leave to proceed in forma pauperis has been granted (Doc. 11). From a review of the petition, it appears this court does not have subject matter jurisdiction; therefore, dismissal of this action is warranted.

       A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Petitioner, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).

To determine whether subject matter jurisdiction exists in a mandamus action, the court must consider the elements for issuance of a writ of mandamus, as set out in 28 U.S.C. § 1361. Section 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." Maczko, 814 F.2d at 310; *see also* Vishnevsky v. United States, 581 F.2d 1249, 1253 and n.4 (7th Cir. 1978).

In the instant petition, Petitioner attempts to invoke this court's jurisdiction under Rule 9.030(b)(3) of the Florida Rules of Appellate Procedure and Dept. of Health and Rehabilitative Servs. v. Hartsfield, 399 So. 2d 1019 (Fla. 1st DCA 1981) (discussing the standard for entitlement to the "extraordinary writ of mandamus" under Florida law), and he seeks relief in the form of a writ of mandamus (*see* Doc. 1 at 1). Petitioner also filed a document entitled "Title of Your Pleading" (Doc. 4), which the court construed as a motion to expedite review of the instant petition and denied on July 31, 2007 (*see* Doc. 5). In a notice attached to the motion to expedite, entitled "Notice to Invoke Discretionary Jurisdiction" and captioned as "In the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida," Petitioner alleges that the District Court has jurisdiction to review liens that were placed on his inmate trust fund account by state court judges (*see* Doc. 4 at 2). Petitioner also states that the Florida Supreme Court "has [denied] PER CURIAM [sic] this action in Daniel Kevin Schmidt petitions . . . ." (*id.*). For relief, Petitioner requests that "all prisoner's service charge[s] be removed from [his] prisoner trust account" (*id*). In a second notice attached to his motion to expedite, entitled "Notice to Invoke Discretionary Jurisdiction" and captioned as "In the District Court of Appeal for the First District, State of Florida," Petitioner alleges that the District Court has jurisdiction to review a state court decision dated June 9, 2007 concerning a state court petition he filed pursuant to Florida Rule of Appellate Procedure 9.430(a)

(*id.* at 3).[1]  In the instant filings, Petitioner does not specify the precise conduct he seeks to compel. Additionally, despite pursing his claims in this court, Petitioner has cited only to state authority in support of his claims, and has even captioned his "notices" (Doc. 4 at 2–3) as if they were intended to be filed with a state appellate court.

In this case, it is clear that a writ of mandamus should not issue.  The court need not decide whether a duty is owed to Petitioner, as it is plainly evident that this action does not seek to compel an <u>officer or employee of the United States or any agency thereof</u> to act or refrain from acting.

Furthermore, it is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings.  <u>District of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923).  The <u>Rooker</u> and <u>Feldman</u> decisions have become known as the <u>Rooker-Feldman</u> doctrine.  Under the <u>Rooker-Feldman</u> doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." <u>Berman v. Fla. Bd. of Bar Exam'rs</u>, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting <u>Feldman</u>, 460 U.S. at 486). Moreover, under the <u>Rooker-Feldman</u> doctrine, a federal court "may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment.'" <u>Datz v. Kilgore</u>, 51 F.3d 252, 253 (11th Cir. 1995) (citing <u>Staley v. Ledbetter</u>, 837 F.2d 1016, 1018 (11th Cir. 1988) (quoting <u>Wood v. Orange County</u>, 715 F.2d 1543, 1546 (11th Cir. 1983)).  A federal claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only

---

[1]Florida Rule of Appellate Procedure 9.430(a) provides:

> A party who has the right to seek review by appeal without payment of costs shall, unless the court directs otherwise, file a motion in the lower tribunal, with an affidavit showing the party's inability either to pay fees and costs or to give security therefor.  For review by original proceedings under rule 9.100, unless the court directs otherwise, the party shall file the motion and affidavit with the court. If the motion is granted, the party may proceed without further application to the court and without either the prepayment of fees or costs in the lower tribunal or court or the giving of security therefor. Reasons for denying the motion shall be stated in writing.  Review of decisions by the lower tribunal shall be by motion filed in the court.

to the extent that the state court wrongly decided the issues before it." Datz, 51 F.3d at 253–54 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring)). This court cannot determine such inextricably intertwined claims even if the federal claim was not raised in state court, as long as there was a reasonable opportunity to do so. Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1545 and n.4 (11th Cir. 1990) (citing Wood, 715 F.2d at 1546–47). Thus, to the extent Petitioner asks this court to act in an appellate capacity and review state decisions that have been rendered, he is not entitled to relief.

Finally, although it is far from clear, to the extent Petitioner appears to request that this court intervene in an ongoing state court proceeding,[2] Petitioner has failed to state a claim. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also* Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975). In the instant case, Petitioner does not allege the existence of extraordinary circumstances or that this court's failure to intervene will subject him to great and immediate harm. Therefore, if the state court proceedings are criminal in nature, Petitioner has failed to satisfy the standard for this court's intervention.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of mandamus (Doc. 1) be **DISMISSED** for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

At Pensacola, Florida this 19th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]Petitioner's notices appear to request review of state court decisions rendered in April, May, and June 2007 (*see* Doc. 4 at 2–3). Specifically, Petitioner's second notice captioned as "In the District Court of Appeal for the First District, State of Florida" alleges error with respect to the state court's denial of review by appeal without payment of costs on June 9, 2007 (*see id.* at 3). *See also* Fla. R. App. P. 9.430(a) (proscribing a process by which a party may seek review by appeal without payment of costs by filing a motion in the lower tribunal showing the party's inability to pay fees and costs therefor).

Case No. 5:07cv178/MCR/EMT

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**